UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SOUTH CENTRAL INDIANA SCHOOL TRUST, ) ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:06-cv-1053-RLY-WTL |
| ) | |
| VIRGINIA POYNER, ) | |
| Defendant. ) | |

**ENTRY ON MOTION TO DISMISS**

This matter is before the court on a motion to dismiss filed by the Defendant, Virginia Poyner, which asserts that Plaintiff, South Central Indiana School Trust ("the Trust"), is seeking a remedy which it may not pursue under the Employee Retirement Income Security Act (ERISA). However, Poyner's reliance on *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002) as supporting authority for her motion is misplaced.

Poyner's motion is made pursuant to Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court looks at the complaint in a light most favorable to the plaintiff. *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). This entails accepting well-pleaded allegations as true and drawing any reasonable inferences from them in the plaintiff's favor. *Id*. A motion will be granted only if it appears beyond a reasonable doubt that the plaintiff cannot prove any facts which would support a claim for relief. *Manning v. Miller*, 355 F.3d 1028, 1031 (7th Cir. 2004).

According to the Complaint on file, Poyner is a retired school teacher and a participant in the Trust. As a benefit plan, the Trust is subject to ERISA. Under the terms of the plan, a participant accepting medical benefits grants a lien in favor of the Plan on any amount the participant later recovers from a third party or other insurer. This Third Party Recovery Provision of the plan gives it first dollar priority on such recovered amounts.

In March of 2005, Poyner was injured when an automobile struck her while she was riding her bicycle. She executed a "Subrogation Disclosure and Agreement" in favor of the Plan and received nearly $200,000.00 in medical benefits. Subsequently she recovered $10,000.00 from the insurer of the automobile which struck her and $100,000.00 from her own under insured motorist coverage. The Plan has attempted to persuade Poyner to abide by the terms of the benefit plan and the signed agreement between them which requires her to pay over to the Plan the $110,000.00 she collected from the two insurance policies. Poyner asserts that ERISA prohibits anything other than an equitable remedy in such a situation and the Trust's claim is one for money, not an equitable remedy.

Poyner relies almost exclusively on the Supreme Court's decision in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002) as support for her position. Indeed, *Great-West* involved an attempt by a covered plan to hold a participant liable for reimbursement of medical payments after the injured participant recovered certain

Case 1:06-cv-01053-RLY-WTL   Document 23   Filed 02/08/07   Page 3 of 4 PageID #: 86

amounts in a tort action against a third party. *Id.* at 207-08. That attempt to recover the third party payments, was said to be beyond the equitable remedy allowed by §502(a)(3)(B) of ERISA. *Id*. at 210-11. And, if the Supreme Court had not revisited the subject this year, this court would likely agree with Poyner's contention that *Great-West* controls here.

However, the landscape has been altered again this year. Recovery of third party payments by an ERISA covered plan was the subject of *Sereboff v. Mid Atlantic Medical Services, Inc.*, __ U.S. __, 126 S.Ct. 1869 (2006). And, as a sister court in Illinois has pointed out, after *Sereboff*, it might be said that our Supreme Court gave and hath taken away. *Mote v. Aetna Life Ins. Co.*, 435 F.Supp.2d 827, 828 (N.D. Ill. 2006). For in *Sereboff*, the Supreme Court held that *Great-West* did not apply to a similar situation where the third-party proceeds were segregated and hence "specifically identifiable." *Sereboff*, 126 S.Ct. at 1874. Rather, such a claim for recovery was for enforcement of an equitable lien. *Id*. at 1874-75. And, going a step further, the Court said that where, as here, there is an equitable lien by agreement, there is no necessity that the funds even be specifically traced. *Id*. at 1875. According to the Court, the effort to recover such an agreed preexisting lien is equitable in nature. Therefore, Poyner's reliance on *Great-West* is misplaced and the Trust's assertion that *Sereboff* controls is well taken.

Accordingly, Defendant's Motion to Dismiss (**Document #14**) is DENIED.

-3-

**IT IS SO ORDERED**, this 8th day of February 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Phyllis J. Garrison
GARRISON LAW FIRM LLC
phyl@garrisonlegal.com

Melinda R. Shapiro
BOSE MCKINNEY & EVANS, LLP
mshapiro@boselaw.com